UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

       Plaintiff,                                  Case No. 2:25-cv-13331

v.                                             Hon. Brandy R. McMillion
                                                 United States District Judge

MICHAEL P. HARRY
(STATE FARM INSURANCE),

       Defendant.
_____/

## OPINION AND ORDER DISMISSING CASE FOR
## LACK OF SUBJECT MATTER JURISDICTION

      Plaintiff Denzel Early ("Early") filed this action against Defendant Michal P. Harry ("Harry"), an insurance agent with State Farm Insurance, for defamation and injury to reputation. *See generally* ECF No. 1. Concurrent with filing the Complaint, Early also filed an Application to Proceed Without the Prepayment of Fees. ECF No. 2. Because the Court lacks subject matter jurisdiction over Early's claims, this case is **SUMMARILY DISMISSED** and the Application to Proceed Without the Prepayment of Fees is **DENIED AS MOOT**.

**I.**

      Early filed this defamation action alleging that his insurance agent sent him an email that "falsely implied that Plaintiff was mentally unstable, unsafe, or in need

1

of police or medical intervention." ECF No. 1, PageID.2.  Early claims these alleged false statement were published to State Farm's business domain thereby ruining his reputation.  *Id.*  Early alleges that "his standing within his neighborhood and among peers was injured by the false insinuation that he posed a risk or lacked mental stability."  *Id.*  He seeks compensatory and punitive damages, an injunction directing Harry to retract and cease defamatory implications, and his costs and attorney's fees. *Id.*

## II.

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-cv-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024).  Although the Court should remain mindful that *pro se* complaints are to be construed liberally, *pro se* complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 2:24-cv-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024).  Federal Courts have jurisdiction over two types of cases: (1) cases presenting a federal question arising under the United States Constitution, federal laws or treaties, pursuant to 28 U.S.C. § 1331; and (2) cases based on diversity of citizenship where a citizen of one state sues a citizen of another state or nation and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

### III.

Early's Complaint brings claims of "defamation (per se and per quod)," "negligent and intentional infliction of emotional distress," and "violation of the Michigan Consumer Protection Act." ECF No. 1 at PageID.2. These claims are all state law causes of action, and none present a federal question which the Court has jurisdiction to hear. *See* 28 U.S.C. §1331. Further, despite requesting damages in an amount exceeding $75,000, diversity jurisdiction fails because Early's claims are against Harry who, like him, is also a citizen of Michigan. *See* ECF No. 1, PageID.1. Consequently, the Court lacks federal question and diversity jurisdiction to proceed with this action.

### IV.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **SUMMARILY DISMISSED** as the Court lacks subject matter jurisdiction. The case is dismissed without prejudice, to be refiled in state court, if Early so desires. Further, Plaintiff's Application to Proceed without the Prepayment of Fees (ECF No. 2) is **DENIED AS MOOT**.

**This is a final order that closes the case**.

IT IS SO ORDERED.

Dated: October 22, 2025　　　　　　　　s/Brandy R. McMillion
　　　　　Detroit, Michigan　　　　　　　　Hon. Brandy R. McMillion
　　　　　　　　　　　　　　　　　　　　United States District Judge